**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Shank,<br><br>    Plaintiff,<br><br>v.<br><br>Corizon Incorporated, et al.,<br><br>    Defendants. | No. CV-19-04638-PHX-ROS (JFM)<br><br>**ORDER** |

    Plaintiff David Shank believes he did not receive proper medical care for his urinary incontinence and a shoulder injury. Plaintiff complains of inadequate medical care beginning in 2013 and possibly continuing to the present. A change in medical providers in 2019 has introduced substantial confusion into this case. This Order makes clear who must provide additional discovery responses and will also require one defendant file a statement identifying which documents were filed on his behalf.

    Plaintiff filed this suit in June 2019. As relevant here, the complaint alleged claims for improper medical care against Defendant Corizon and Corizon employees Kabongo, Perkins, Igwe, Babich, and Kary. The complaint also alleged Charles Ryan, the Director of the Arizona Department of Corrections at that time, was involved in the improper care. Immediately after the complaint was filed, the private entity responsible for prisoner healthcare changed from Corizon to Centurion. The Director of the Arizona Department of Corrections also changed from Charles Ryan to David Shinn. Thus, when the Court later screened the complaint, it concluded Plaintiff had stated claims for monetary damages

against Corizon, Kabongo, Perkins, Igwe, Babich, and Kary. The Court also ruled Plaintiff had not stated a claim for monetary damages against former Director Ryan. But the Court determined Plaintiff's request for injunctive relief meant Centurion should be joined as a defendant as well as current Director David Shinn, in his official capacity. (Doc. 5).

The complaint was served and Corizon, the Corizon employees, and Shinn filed a joint answer. (Doc. 17). A separate answer was filed by Centurion and, strangely, Shinn. (Doc. 14). There is no explanation why Shinn joined two answers and purports to be represented by two separate sets of counsel.

The case proceeded with discovery and on July 10, 2020, Defendants Centurion and Shinn filed a motion for summary judgment. (Doc. 50). That motion explains Centurion and Shinn are involved in this suit only for purposes of injunctive relief and, according to them, Plaintiff has already received all appropriate medical care. Thus, the claim for injunctive relief allegedly fails as a matter of law. Shortly after that motion was filed, Plaintiff filed a "Rule 56(d) Declaration." (Doc. 55). That declaration stated Plaintiff had not received emails he had requested during discovery. It appears Plaintiff confused the defendants and claims because, while he filed his declaration in response to Centurion's motion, the emails he references likely were sent before Centurion took over from Corizon.

The Magistrate Judge construed the "56(d) Declaration" as a motion for discovery and denied relief. The Magistrate Judge explained discovery closed long ago and Plaintiff had not explained how the emails would address the arguments made by Centurion and Shinn. Plaintiff appealed that decision and, while the Court concluded Plaintiff had not met the standard for relief, the Court ordered Centurion and Shinn to "provide a complete discovery response regarding the emails sought by Plaintiff." (Doc. 80). Crucially, the Court did not order Corizon and Corizon employees to produce additional emails. Because the "56(d) Declaration" was in response to the motion filed by Centurion and Shinn, the Court believed Plaintiff must have been seeking emails in Centurion or Shinn's possession.

While the "56(d) Declaration" was being briefed and resolved, Corizon and Corizon employees filed a separate motion for summary judgment. (Doc. 73). That prompted

Plaintiff to file another document, styled as a "Reurged Motion for Order to Show Cause," again complaining about allegedly withheld emails. (Doc. 86). In that motion, Plaintiff states he has personal knowledge of emails that were sent by Corizon employees regarding Plaintiff's medical care. Both groups of defendants responded to the "reurged" motion. According to the response from Centurion and Shinn, Centurion as a general matter does not transmit medical information via email. In addition, Centurion searched and determined it has no responsive emails. Thus, in Centurion's view, there simply are no emails it could produce to Plaintiff.

As for Corizon and Corizon employees, their response states "Corizon would no longer have any email records in their possession, custody, or control, since Corizon is not the current healthcare provider and has not been the healthcare provider since June 30, 2019." It is not clear what Corizon and Corizon employees mean by this statement. The fact that Corizon is no longer the medical provider does not necessarily mean it no longer has emails Corizon employees sent or received in 2013 through 2019.

To bring clarity and certainty to this issue, the Court resolves the "Reurged Motion for Order to Show Cause" as follows. Centurion and Shinn have stated they conducted a search for emails and did not locate any. Therefore, Centurion and Shinn need not take any further action. As for Corizon and Corizon employees, they will be required to update their prior discovery responses regarding emails. Corizon and Corizon employees must either produce responsive emails or state no such emails exist. If no such emails exist, Corizon and Corizon employees must file a declaration stating either no such emails ever existed or, alternatively, emails once existed but are no longer available. If emails existed but are no longer available, Corizon and Corizon employees must provide an explanation for what became of the emails.

Finally, Shinn has filed two separate answers and two motions for summary judgment. It also appears that Shinn is represented by two separate groups of attorneys. Shinn will be required to file a statement indicating who, in fact, represents him. That statement must identify which of the two answers is his answer and which of the two

motions for summary judgment is his dispositive motion. Shinn is not entitled to file duplicative documents merely because particular defense counsel believe their representation is limited to discrete claims or time periods.[1]

Accordingly,

**IT IS ORDERED** the Reurged Motion for Order to Show Cause (Doc. 86) is **DENIED**.

**IT IS FURTHER ORDERED** within fourteen days of this Order, Corizon and Corizon employees must provide Plaintiff updated discovery responses regarding emails.

**IT IS FURTHER ORDERED** within fourteen days of this Order, Corizon and Corizon employees must file a statement explaining which emails were provided to Plaintiff. If no emails were provided, Corizon and Corizon employees must provide a declaration, under penalty of perjury, explaining why no emails were available for production.

**IT IS FURTHER ORDERED** no later than **January 6, 2021**, Defendant Shinn shall file a statement as outlined above.

Dated this 23rd day of December, 2020.

_____
Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The Court notes there is a recurring problem of multiple defense counsel purporting to represent the same defendant. *See* CV-20-625, Doc. 55. As Judge Tuchi explained, this practice creates "an immense amount of confusion" and prevents the Court from effectively managing its docket.