**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Shank, | No. CV-19-04638-PHX-ROS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Incorporated, et al., | |
| Defendants. | |

During the last few months, the Court has attempted to resolve disputes involving Plaintiff's timely discovery requests for emails regarding his medical care. Plaintiff sent requests for production to Defendants Centurion of Arizona, David Shinn, Corizon, and several Corizon employees (collectively, "Corizon"). In his requests to Centurion and Shinn, Plaintiff sought "all emails that you have sent/received that mention the Plaintiff David Shank, from July 1, 2019 to date." (Doc. 55 at 69). Centurion and Shinn did not produce any emails in response. Instead, Centurion and Shinn provided objections.

As for Corizon, Plaintiff requested "all emails that you have sent/received that mention [the] Plaintiff, David Shank, from March 10, 2013 to June 30, 2019." (Doc. 85 at 26). Corizon did not produce any emails. Instead, Corizon responded by stating:

> Objection in that this request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad in both time and scope, burdensome, harassing, and constitutes an impermissible fishing expedition. Defendant also objects that this request potentially seeks documentation that is protected by the attorney-client, work-product and/or quality assurance privileges and/or seeks records prepared or gathered in anticipation of litigation.

(Doc. 85 at 26). Plaintiff did not seek relief from the Court regarding these discovery responses prior to the discovery deadline.

In July 2020, Centurion and Shinn filed a motion for summary judgment. (Doc. 50). In September 2020, Corizon filed a motion for summary judgment. (Doc. 73). Plaintiff responded to those motions by claiming his oppositions required the emails he had requested during discovery. The Court's attempt to resolve Plaintiff's entitlement to the emails proceeded in stages.

On October 13, 2020, the Court ordered Centurion and Shinn to "provide a complete discovery response regarding the emails sought by Plaintiff." (Doc. 80 at 5). Centurion and Shinn searched their records and provided a discovery response that they "could not locate any emails related to medical care and/or surgeries related to Plaintiff's claim for injunctive relief." (Doc. 83 at 6). While Centurion and Shinn were searching their records, Plaintiff filed a motion complaining specifically about emails not produced by Corizon. (Doc. 85). In response to that motion, Corizon's counsel stated "Corizon would no longer have any email records in their possession, custody, or control, since Corizon is not the current healthcare provider and has not been the healthcare provider since June 30, 2019." (Doc. 89).

On December 23, 2020, the Court noted Centurion and Shinn had searched and discovered no emails. Therefore, the Court concluded they "need not take any further action" regarding the emails. (Doc. 93 at 3). Corizon, however, was ordered to update its discovery response regarding emails. In doing so, Corizon was to "either produce responsive emails or state no such emails exist." (Doc. 93 at 3). If emails existed, Corizon was ordered to "file a statement explaining which emails were provided." (Doc. 93 at 4). After Corizon investigated and discovered emails did, in fact, exist, it sought an extension of the deadline to produce them. In granting that extension, the Court ordered Corizon to "include an explanation regarding the accuracy in Doc. 89 that they did not have 'any emails records in their possession, custody, or control.'"[1] (Doc. 98 at 2).

---

[1] This Order also had to grant a motion to strike certain documents because Corizon's counsel had filed those documents on behalf of David Shinn. Corizon's counsel does not

On January 12, 2021, Corizon filed its notice regarding the production of emails. That document explains Corizon conducted an "extensive search" and "disclosed all available emails pertaining to care provided by [Corizon]." (Doc. 99 at 1). As for counsel's representation in Doc. 89 that no emails existed, counsel states it was their "good faith belief that there was no avenue to retrieve email records due to Corizon Health Inc. not being the current healthcare provider." (Doc. 99 at 1).

Corizon's counsel will be required to file an explanation regarding their behavior during discovery and the subsequent discovery dispute. In particular, Corizon's counsel must explain the good faith basis they had for objecting to Plaintiff's discovery request in the manner they did. Again, Plaintiff's discovery request was for "all emails that you have sent/received that mention [the] Plaintiff, David Shank, from March 10, 2013 to June 30, 2019." Corizon's response appears to have been a list of boilerplate objections. Corizon's counsel will first be required to set forth the legal authority, if any, authorizing boilerplate objections like what they provided. Next, Corizon's counsel must set forth, in detail, how Plaintiff's discovery request qualified as:

1. Irrelevant;
2. Not reasonably calculated to lead to the discovery of admissible evidence;
3. Overly broad in both time and scope;
4. Burdensome;
5. Harassing; and
6. An impermissible fishing expedition.

Corizon's counsel must address the good faith basis for each of these objections individually. For example, Corizon's counsel must explain how it was "harassing" for Plaintiff to seek the production of emails regarding his medical care from ADC's former private healthcare provider. Corizon's counsel must also explain why the discovery response did not indicate if "any responsive materials are being withheld on the basis of [a particular] objection." Fed. R. Civ. P. 34(b)(2)(C). And counsel must explain whether

---

represent David Shinn in this suit. (Doc. 94).

- 3 -

they produced a privilege log regarding the allegedly privileged documents and, if not, the good faith basis for failing to do so.

Finally, in addition to the information outlined above, Corizon's counsel must set forth the good faith basis for the representation to the Court that no emails existed given that, upon investigation, emails did exist. Counsel need not disclose attorney-client privileged information, but they must identify how the representation that no emails existed was appropriate if, as it appears, no investigation regarding emails had occurred at the time the representation was made.

Accordingly,

**IT IS ORDERED** no later than **January 22, 2021**, counsel for Corizon shall file a statement explaining their behavior as outlined above.

**IT IS FURTHER ORDERED** Plaintiff's request for relief pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 85) is **DENIED AS MOOT**.

**IT IS FURTHER ORDRED** Plaintiff shall file his oppositions to the motions for summary judgment (Doc. 50, 73) no later than **February 12, 2021**.

Dated this 15th day of January, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge