**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Shank, | No. CV-19-04638-PHX-ROS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Incorporated, et al., | |
| Defendants. | |

Defendants Corizon Inc., Kabongo, Perkins, Igwe, Babich, and Kary (collectively, "Defendants") have filed an explanation of their initial responses to Plaintiff's requests for production of emails. (Doc. 104). According to that document, there was a "clear factual basis" for Defendants to make "boilerplate objections" to Plaintiff's request. (Doc. 104 at 2). Defendants claim Plaintiff's requests "failed to include appropriate limitations or guidelines." (Doc. 104 at 3). That is not correct. In fact, the search eventually performed by Defendants proves their initial objections were, with one exception, baseless.

Plaintiff requested "all emails that you have sent/received that mention the Plaintiff David Shank, from March 10, 2013 to June 30, 2019." (Doc. 85 at 26). That request was sent to Corizon and the five individual defendants. Addressing only the request sent to Corizon, Defendants argue it would be unreasonable "to search a single name or term across all of [Corizon's] servers" because it would run the "risk of shutting down Corizon's communications and of compromising the operations of a national health care provider." (Doc. 104 at 5). Assuming that is true, the request to Corizon may have been unduly

burdensome and the subject of a valid objection. But Defendants' explanation does not address the requests to the individual defendants.

As Defendants now admit, a request for emails requires a search limited by "custodian(s) and date range." (Doc. 104 at 5). That is precisely what Plaintiff requested from the individual defendants. For example, Plaintiff requested Defendant Igwe produce all emails Igwe had "sent/received" from March 2013 through June 2019 that mentioned "David Shank." (Doc. 85 at 21). To respond to this request, Igwe should have run a search, identifying Igwe as the custodian, the date range of March 2013 through June 2019, and the key words "David Shank." In fact, once the Court became involved in this issue, that is precisely the type of search Defendants performed. (Doc. 104 at 17). It is difficult to understand why Defendants continue to defend their original objections when, once those objections were questioned, they were able to conduct appropriate searches and produce responsive documents.

Defendants concede that once the Court questioned their objections, counsel conducted an email search containing "the following parameters: **date range**: October 2013[1] through June 2019; **custodians**: Claudine Kabongo, Dorothy Igwe, Glen Babich, Sharon Kary[2]; **search terms**: David Shank, prostate, shoulder, artificial sphincter." (Doc. 104 at 17). According to Defendants' "e-discovery Manager and Senior Litigation Paralegal," the search proceeded in two steps. First, a "raw data set" was constructed consisting of all data for the identified custodians and date range. (Doc. 104 at 11). Second, the "raw data set" was searched using identified "search terms." As relevant here, it appears that means all data from October 2013 through June 2019 was pulled for Kabongo, Igwe, Babich, and Kary. That initial step produced over 188,000 documents. Those documents were then searched using the terms: David Shank, prostate, shoulder, artificial sphincter, "Shank's inmate number and the reverse spelling of Shank's name." (Doc. 104 at 12). Defendants do not disclose how many documents those search terms produced but, according to Plaintiff, he received 15 emails. Plaintiff continues to state

---

[1] There is no explanation for using October 2013 as the starting date instead of March 2013.
[2] It is unclear why Defendant Perkins was not included as a possible custodian.

there are many other emails he has seen in the past that have not yet been produced.

The Court will make another attempt to bring this issue to a close. Defendants Kabongo, Perkins, Igwe, Babich, and Kary will be required to provide an additional declaration regarding the production of emails. These five individual defendants must provide a declaration from a knowledgeable person setting forth a search was conducted for the following custodians: Kabongo, Perkins, Igwe, Babich, and Kary for the time period March 2013 through June 2019, and using the search terms "David Shank," "Shank," or Shank's inmate number. All emails meeting these requirements must be produced. To be clear, the Court is not limiting the emails to those containing "David Shank," "Shank," or Shank's inmate number *and* some additional search term. Rather, this production should include all emails mentioning Plaintiff.[3] If there are responsive emails Defendants wish to withhold, the declaration must set forth the basis for doing so. If no emails meet these requirements beyond the 15 already produced to Plaintiff, the declaration must so state.

Accordingly,

**IT IS ORDERED** no later than **February 26, 2021**, Defendants Kabongo, Perkins, Igwe, Babich, and Kary shall file a declaration from a knowledgeable person stating all emails have been produced to Plaintiff or no additional emails exist.

**IT IS FURTHER ORDERED** the Motion for Extension of Time (Doc. 107) is **GRANTED IN PART**. Plaintiff's opposition to the Motion for Summary Judgment (Doc. 73) shall be filed no later than **March 8, 2021**.

Dated this 19th day of February, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[3] If there is another prisoner also named "David Shank," those emails need not be produced. Similarly, if "Shank" is used as a term not referring to Plaintiff, those emails need not be produced.

- 3 -